Emory Daugherty, Boca Raton, Fla., Edward F. Canfield, Washington, D.C., for movant.

Kathy Williams, Asst. U.S. Atty., Miami, Fla., for respondent.

**Hernan Botero MORENO, Movant,**

v.

**Bill R. STORY, Superintendent, FCI, Ashland, Kentucky, Respondent.**

**No. 87–6750–CIV.**

United States District Court, S.D. Florida, Miami Division.

Sept. 19, 1988.

### MEMORANDUM OPINION

### ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Movant's Motion for Relief Under 28 U.S.C. § 2255. Upon careful review of the record, this Court finds that this Motion must be DENIED on grounds which are discussed more fully below.

The Movant argues that a recent Supreme Court case, *McNally v. United States,* 483 U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), requires that his sentence be vacated. *McNally* was decided

after Movant's sentence was imposed and after his direct appeal of that sentence. Movant argues that *McNally* holds that a conviction for mail fraud requires an allegation and corresponding proof of the loss of a *tangible* property right. Specifically, Movant argues that *McNally* has been used to vacate convictions dealing with CTR reporting requirements (as were at issue in this case). *United States v. Corono,* —— F.Supp. ——, No. 83–854–CR (S.D. Fla. September 17, 1987); *United States v. Herron,* 825 F.2d 50 (5th Cir.1987); *United States v. Gimbel,* 632 F.Supp. 748 (E.D. Wisc.1985).

■ The first question this Court must resolve is whether *McNally* should be applied retroactively in collateral attacks. The Movant argues that *McNally* should be applied retroactively, and cites *Ingber v. Enzor,* 664 F.Supp. 814 (S.D.N.Y.1987) as support. *McNally* establishes the elements of the crime for which Movant was convicted—mail fraud. If the elements of that crime have not been met, then the conviction must be vacated. No crime has been committed, and the Movant cannot therefore be incarcerated. Therefore, *McNally* must be applied retroactively to any case, whether on direct appeal or collateral attack, in which it is appropriate; however, the question remains in this case whether *McNally* applies at all.

The Movant asserts that *McNally* applies because it holds that a *tangible* property loss must be both alleged and proved in a conviction for mail fraud. The Government argues that *McNally* was specifically limited in *Carpenter v. United States,* —— U.S. ——, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987). The Supreme Court in that case clarified its position in *McNally* and held that *McNally* did not draw a distinction between tangible and intangible property.

■ In this case, there was intangible property at stake—the information which the Internal Revenue Service was deprived of (i.e., information contained within the CTR form and collected for "use of criminal, tax and regulatory investigations and proceedings"). This is consistent with the reasoning used in *Carpenter.*

The Movant cites a decision in direct conflict with this result. *United States v. Gimbel,* 830 F.2d 621 (7th Cir.1987). This decision, however, was decided prior to the Supreme Court's decision in *Carpenter.* Accordingly, *Gimbel* is predicated on a misconception of *McNally* which was clarified in *Carpenter.* This is supported by other cases which have confined *McNally* to its facts. *United States v. Fagan,* 821 F.2d 1002 (5th Cir.1987); *United States v. Wellman,* 830 F.2d 1453 (7th Cir.1987); *United States v. Runnels,* 842 F.2d 909 (6th Cir. 1988). Therefore, even though *McNally* does apply retroactively in collateral attacks, an intangible property loss is sufficient to support the "deprivation of property or money" requirement in mail fraud cases. Here, such loss was both 'alleged and proven.

Additionally, in subsequent motions the Movant has, without any support, argued that: 1) this Court's sentence was in error because there was an extreme discrepancy between the Movant's sentence and that of other defendants; 2) this Court was influenced by out-of-court statements that the funds were "drug-related;" 3) the Court did not consider the Movant's age, medical condition or lack of prior convictions; 4) the Court relied on determinations reached in a co-defendant's trial that the Movant was a "principle" in the criminal scheme; 5) the PSI contained improper inferences that the funds were proceeds of drug trafficking; and 6) this Court should have given the Parole Commission discretion to release him on parole whenever the Parole Commission deems appropriate, instead of denying parole eligibility until after ten years imprisonment has been served. These arguments lack any support in law or fact and are therefore rejected by this Court.

Accordingly, it is hereby

ORDERED AND ADJUDGED that this Motion for Relief Under 28 U.S.C. § 2255 is DENIED. Additionally, this Court finds Movant's Motion for Hearing to be unnecessary and that Motion is also DENIED.